# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

REVERSE MORTGAGE SOLUTIONS, INC.,

    Plaintiff,

v.

THE ESTATE OF JOSE SANTIAGO-OCASIO, ET AL.,

    Defendants.

**Civil No. 16-1421 (SEC)**

## OPINION AND ORDER

Plaintiff Reverse Mortgage Solutions, Inc. filed this *in rem* mortgage foreclosure action against the members of the estates of José Santiago-Ocasio and Antonia Allende-Reyes. Because the reverse mortgage subject of this action is secured by the Department of Housing and Urban Development under its Home Equity Conversion Program for seniors, Plaintiff joined the United States pursuant to 28 U.S.C. § 2410.[1]

Pending before the Court is Plaintiff's unopposed motion for partial summary judgment against Jose C. Santiago-Allende, the only member of the estates who answered the complaint. In his answer, Santiago-Allende stated that he "does not have any hereditary interest in the property," that "[t]he keys of the property are available to plaintiff upon demand," and that he "accepts that the Court enter judgment." ECF No. 39, p. 2. The motion is granted.

---

[1] Plaintiff also joined two local government agencies as defendants but later dismissed its claims against them. See ECF No. 43.

## I. **Factual Background**

On October 22, 2010, José Santiago-Ocasio and Antonia-Allende Reyes (the Borrowers) entered into a reverse mortgage loan agreement and executed a mortgage note payable to Urban Financial Group, or to its order, for the maximum principal amount of $237,000.00, with interest at 5.060%. The Borrowers ultimately received $111,140.88 in principal pursuant to the terms of the loan agreement. Both Borrowers passed away in 2014.

To guarantee the debt, the Borrowers executed a mortgage deed, which was notarized and recorded in the Puerto Rico Property Registry. Reverse Mortgage Solutions is the current holder of the of the mortgage note. See ECF Nos. 30, ¶7; 39, ¶C; & 47-2 at 1. Pursuant to the terms of the mortgage documents, the holder of the note is entitled to declare the debt due and payable when, as here, "a Borrower dies and the property is not the principal residence of at least one Borrower." ECF No. 30-1, p. 7. Both Borrowers passed away in 2014. Accordingly, Plaintiff declared the entire debt due and payable.

The mortgage property, whose title is now vested upon the Borrowers' succession, is described below in the Spanish language:

> URBANA: Solar marcado con el número (8) ocho del Bloque "G" en el Plano de Inscripción de la Urbanización Villas de San Agustín, Sección Primera, radicado en el Barrio Guaraguao Abajo y Minillas término municipal de Bayamón, Puerto Rico, con un área superficial de trescientos once punto dieciocho metros cuadrados (311.18) y colinda por el NORTE, en una distancia de veinticuatro metros, con el solar número nueve (9) del mencionado Plano y Bloque; por el SUR, en una distancia de veinticuatro metros, con el solar número siete (7) del mencionado Plano y Bloque; por el ESTE, en una distancia de doce punto novecientos sesenta y seis metros (12.966), con el solar número veintiuno (21)

> del mencionado plano y bloque; y por el OESTE, en una distancia de doce punto novecientos sesenta y seis metros (12.966), con la Calle número seis (6) del mencionado Plano. Sobre el antes descrito solar se ha edificado una casa residencial de hormigón armado dedicada a vivienda.
>
> Inscrita al Folio 216 del Tomo 1290 de Bayamón Sur, finca número 58,040, Registro de la Propiedad de Puerto Rico, Sección I de Bayamón.

As of May 16, 2017, Plaintiff was owed $172,383.17 in unpaid principal,[2] $420.14 in accrued interest, $37.78 in accrued mortgage insurance premiums, and $424.00 in hazard insurance for a total of $173,295.09. See ECF No. 47-1, p. 5. But as a non-recourse mortgage loan, Plaintiff concedes, Defendants are not liable for these amounts and they will not be pursued for any deficiency.[3]

## II. Standard of Review

Summary judgment is appropriate only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if a "reasonable fact-finder could resolve in favor of either party and a material fact is one that could affect the outcome of the case." Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015). When conducting this analysis, courts "may not weigh the evidence," Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994), and must construe the record and resolve all reasonable inferences in the "light most flattering" to the nonmovant. Soto-Padró v. Public Bldgs. Authority, 675 F.3d 1 (1st Cir. 2012).

---

[2] Pursuant to the mortgage note, the accrued interest is "added to and made part of, the principal balance as a Loan Advance at the end of each month." ECF No. 30-1, p. 4.

[3] See 24 C.F.R. § 206.27 ("The borrower shall have no personal liability for payment of the outstanding loan balance. The mortgagee shall enforce the debt only through sale of the property. The mortgagee shall not be permitted to obtain a deficiency judgment against the borrower if the mortgage is foreclosed.")

Where, as here, the summary judgment motion stands unopposed, the court "is obliged to take the plaintiff's statement of uncontested facts as true." Velez v. Awning Windows, Inc., 375 F.3d 35, 41–42 (1st Cir. 2004). Still this does not mean that summary-judgment automatically follows. "Even when faced with an unopposed motion for summary judgment, a court still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." Id.

### III. Applicable Law and Analysis

Under Puerto Rico law, "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. t. 31 § 2994. A mortgage is defined as "a guarantee of a debt, which in turn is secured by a particular property." Chicago Title Ins. Co. v. Sotomayor, 394 F.Supp.2d 452, 460 (D.P.R. 2005) (citing Torres v. Fernandez, 47 D.P.R. 845, 848 (1934)).

The reverse mortgage note object of this action permits Plaintiff to declare the note due and payable and require immediate payment-in-full of all outstanding principal and accrued interest if a "Borrower dies and the Property is not the principal residence of at least one surviving Borrower." ECF No. 30-1, p. 7. Here, it is uncontested that both Borrowers passed away. It is also undisputed that as of May 16, 2017, Plaintiff was owed a total of $173,295.09 pursuant to the terms of the mortgage note and that none of the members of the Borrower's estate has paid this debt. Accordingly, Plaintiff is entitled to judgment as a matter of law providing for the foreclosure of the mortgage property described above. Plaintiff, however, may not seek any deficiency judgment from Defendants.

### IV. Conclusion

Plaintiff's motion for partial summary judgment is GRANTED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of March, 2018.

> *s/ Gustavo A. Gelpí*
> GUSTAVO A. GELPI
> U.S. District Judge